UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No: 17-10078-ADB |
| | ) | |
| FRED MANDRACCHIA, | ) | |
| Defendant | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America respectfully submits this memorandum in advance of the October 11, 2017 sentencing of the defendant, Fred Mandracchia. Following his arrest on January 6, 2017, Mandracchia confessed to robbing 10 banks in 19 days, all of them by means of a demand note and six of them by threat of a gun. On July 12, 2017, Mandracchia pled guilty to an indictment charging him with 10 counts of bank robbery, in violation of 18 U.S.C. §2113(a). Mandracchia is no stranger to the criminal justice system—he is a career offender in both the legal and literal sense of the term—and his correctly calculated Guidelines sentencing range ("GSR") of 151 to 188 months appropriately reflects his culpability for the instant offenses and his persistent recidivism. For these and the reasons set forth below, the government submits that a sentence of 151 months properly balances the various factors set forth in 18 U.S.C. §3553 and is sufficient, but not greater than necessary, to achieve the goals of sentencing.

    A.    <u>Offense Conduct</u>

At the change-of-plea hearing, Mandracchia admitted to robbing each of the 10 banks as charged in the indictment; the details of those robberies are set forth, without objection, in the Presentence Investigation Report ("PSR") at paragraphs 9-18. All 10 robberies were

demand note jobs: Mandracchia entered a bank, approached a teller, handed him or her a note demanding money—and in six robberies, threatening a gun—took the cash he was given, and fled. In total, Mandracchia stole $16,695, which, according to statements he made during his recorded confession, he used to buy heroin for himself and his girlfriend.

B.   **PSR Guidelines Calculation**

The U.S. Probation Office ("USPO") calculated Mandracchia's GSR as follows. To determine his offense level, each bank robbery was assigned a base offense level of 20, USSG §2B3.1(a); a two-level enhancement was applied to each robbery since the property of a financial institution was taken, USSG §2B3.1(b)(1); and an additional two-level enhancement was applied to the six robberies that involved a threat of death, USSG §2B3.1(b)(2)(F). PSR ¶¶25-90. These calculations yielded an adjusted offense level ("AOL") of 22 for the four non-death-threat robberies (PSR ¶¶30, 36, 42, 48) and an AOL of 24 for the six death-threat robberies (PSR ¶¶55, 62, 69, 76, 83, 90). Pursuant to USSG §3D1.4, a five-level multiple-count adjustment was applied to the greater of the AOLs (24), which resulted in a combined adjusted offense level of 29. PSR ¶¶91-94. However, because federal bank robbery is a crime of violence and Mandracchia has two prior felony convictions for either a crime of violence (PSR ¶108) or a controlled substance offense (PSR ¶109), the USPO determined that he is a career offender with an offense level of 32. PSR ¶95; USSG §4B1.1. Applying a three-level reduction for acceptance of responsibility, the USPO calculated Mandracchia's total offense level ("TOL") to be 29. PSR ¶¶96-98; USSG §3E1.1.

The USPO determined that Mandracchia's prior criminal record yielded 13 points, placing him in criminal history category ("CHC") VI. PSR ¶¶113-114. Application of the

career offender guideline likewise results in a CHC of VI. PSR ¶115. Based on a TOL of 29 and CHC of VI, Mandracchia's career offender GSR is 151 to 188 months. PSR ¶165.[1]

### C.  Sentencing Recommendation

In light of Mandracchia's extensive criminal record, which reflects a disturbing history of violence and recidivism; and the seriousness of his 10-bank robbery spree, which reflects a brazen disregard for the law and the safety of others; the government recommends a term of imprisonment of 151 months and a term of supervised release of three years. Mandracchia's sentence also must include a mandatory order of restitution in the amount of $16,695 to the victims identified (PSR ¶¶179-180) and a mandatory special assessment of $1,000 (PSR ¶176). The recommended 151-month sentence is at the low end of the GSR, which the government believes properly accounts for both the seriousness of the offense and Mandracchia's criminal record and is sufficient, but not greater than necessary, to achieve the goals of sentencing.

#### 1.  Nature of the offense

Mandracchia was arrested on January 6, 2017, after robbing 10 banks in 19 days, including one bank earlier on the day of his arrest. Based on his statements during his recorded confession, it is clear that Mandracchia had every intention of continuing his crime spree unless and until he was caught. Separate and apart from his apparent motive for robbing the banks—to feed his heroin addiction—Mandracchia's crimes are undeniably serious. Each time Mandracchia entered a bank and demanded money from a teller, he instigated panic and confusion, placing that teller in fear for his or her life and putting the safety of others in the bank—customers and employees—at grave risk. And each time Mandracchia threatened a

---

[1] Based on offense conduct alone—that is, without the properly applied career offender Guideline provisions—Mandracchia's advisory GSR would be 120 to 150 months (TOL 26 and CHC VI).

gun, he upped the ante even further. Every bank robbery, even one perpetrated by a demand note, is a significant and traumatic event for the victims of and witnesses to the robbery and is an inherently serious and violent crime. Mandracchia committed 10 such robberies, and the seriousness of his offenses, singularly and cumulatively, cannot be questioned.

> **2.   Need to promote respect for the law, provide just punishment for the offense, afford adequate deterrence, and protect the public**

Mandracchia's crime spree demonstrates his utter disregard for the law and the safety of others, and his conduct merits significant punishment. The government questions Mandracchia's contention that note-job bank robberies are almost always committed by drug addicts seeking a quick payout from a compliant teller; in fact, bank robberies take many forms and often cause serious emotional, physical, and financial harm to the individual and institutional victims. A substantial punishment for such crimes serves a valuable deterrent purpose—discouraging similarly situated drug addicts from thinking that a bank robbery is a quick and painless way to fund their next fix and dissuading would-be bank robbers of whatever ilk from thinking that the minimal risk of incarceration pales in comparison to the promise of a big-money reward. Specifically, a long sentence will surely deter Mandracchia, who has, for the most part, been spared the incarcerative consequences of his past crimes, from committing new crimes—bank robberies or otherwise—in the future.

> **3.   History and characteristics of the defendant**

As set forth in the PSR and Mandracchia's sentencing memorandum, Mandracchia has faced numerous challenges in his life. He has largely responded to those challenges by abusing alcohol and drugs, which in turn has created additional problems. Mandracchia candidly admitted during his recorded confession that he is a drug addict, that his addiction fueled his bank robbery spree, and that he desperately needs help to overcome his addiction.

It is true that the devastating effects of drug—and in particular, opioid—addiction in Massachusetts have been well and thoroughly chronicled by the government in connection with the sentencing of opioid traffickers in this District. And yet, drug addiction does not and cannot excuse repeated, destructive, and violent behavior of the sort reflected in Mandracchia's criminal record and committed in this case.

## CONCLUSION

For all of the foregoing reasons, and in light of the advisory GSR and the specific §3553(a) factors discussed herein, the government respectfully recommends that the Court impose a sentence of 151 months in prison, to be followed by three years of supervised release.

Respectfully submitted,

WILLIAM D. WEINREB
Acting United States Attorney

By:   */s/ Kelly Begg Lawrence*
KELLY BEGG LAWRENCE
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the Court's Electronic Court Filing (ECF) system on October 4, 2017, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Kelly Begg Lawrence*
Kelly Begg Lawrence
Assistant U.S. Attorney